Mr. John Govoruhk Chief of Police Winter Springs Police Department 1126 East Highway 434 Winter Springs, Florida 32708
Dear Chief Govoruhk:
You ask substantially the following question:
Is the voice recording of a "911" call subject to disclosure if the name, address, and telephone number of the caller are deleted?
In sum, I am of the opinion that:
Only that portion of the voice recording of a "911" call relating to the name, address, and telephone number of the person calling the emergency telephone number "911" to report an emergency or to request emergency assistance is exempt from the disclosure requirements of Ch. 119, F.S. Thus, the voice recording of a "911" call is subject to disclosure once the name, address and telephone number of the caller have been deleted.
Section 365.171, F.S., is the "Florida Emergency Telephone Act."[1] Subsection (2) of the statute sets forth the legislative intent "to establish and implement a cohesive statewide emergency telephone number `911' plan which will provide citizens with rapid direct access to public safety agencies by dialing the telephone number `911' with the objective of reducing the response time to situations requiring law enforcement, fire, medical, rescue, and other emergency services."
Section 365.171(15), F.S., provides for the confidentiality of records obtained by a public agency providing such services, by stating in part:
Any record or information obtained by a public agency or a public safety agency for the purpose of providing services in an emergency and which reveals the name, address, or telephone number of any person requesting emergency service or reporting an emergency by accessing an emergency telephone number "911" system is exempt from the provisions of s. 119.07(1), except that such record or information may be disclosed to a public safety agency. The exemption applies only to the name, address, or telephone number of any person reporting an emergency while such information is in the custody of the public agency or public safety agency which receives the initial "911" telephone call. . . . (e.s.)
It appears clear that the recording of the telephone call by the police department qualifies as a public record as defined in s.119.011(1), F.S.[2] In the absence of a statute making a record confidential or exempt from disclosure, records of governmental agencies must be made available for inspection. Pursuant to s.119.07(1)(a), F.S.:
Every person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee. . . .
Those public records which are provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, are exempt from the above disclosure provisions of s. 119.07(1), F.S.[3] Where a public record contains some information which is exempt from disclosure, s. 119.07(2)(a), F.S., requires the custodian of the document to delete or excise that portion or portions of the record for which the exemption is asserted and to provide the remainder of the record for inspection.[4]
Section 365.171(15), F.S., exempts from disclosure those records or information which reveals the name, address, or telephone number of a person requesting or reporting an emergency through the "911" system. The exemption, however, is limited to the name, address, and telephone number when in the custody of the agency receiving the initial "911" telephone call.
Accordingly, to the extent that the voice recording contains information other than that of the caller's name, address, or telephone number, such information has not been made confidential or exempt from disclosure pursuant to Ch. 119, F.S. A public agency, therefore, is under a duty pursuant to s. 119.07(2)(a), F.S., to delete the exempt material and to release the rest of the record for inspection and copying.
Therefore, while that portion of the voice recording which reveals the name, address, and telephone number of the person reporting an emergency or requesting assistance using a "911" number is exempt from disclosure, the public agency is required to release the remainder of the voice recording once the exempt material has been deleted.[5]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 365.171(1), F.S.
[2] See, s. 119.011(1), F.S., defining "Public Records" to mean
all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency. (e.s.)
And see, s. 119.011(2), F.S., defining "Agency."
[3] See, s. 119.07(3)(a), F.S. And see, s. 119.07(2)(a), F.S., which provides that a public records custodian who contends that a record, or a part of a record, is exempt from disclosure, must state the basis for the exemption, including the statutory citation to the exemption. Upon request, the custodian must state in writing and with particularity the reasons for his conclusion that the records are exempt from disclosure.
[4] See, AGO 84-81 concluding that a custodian of records containing both exempt and nonexempt material may comply with s.119.07(2)(a), F.S., by any reasonable method which maintains and does not destroy the exempted portion while allowing public inspection of the nonexempted material.
[5] The 1990 Legislature has several bills before it which would amend the language of s. 365.171, F.S. See, e.g., CS/HB's 1437 and 1809 making any recording or portion thereof which reveals any personal information about, or information which may identify, the person requesting emergency services or reporting an emergency by accessing the "911" number exempt.